and we will just give a moment here for the courtroom to settle down once the folks from the Santoyo case are able to leave the area. All right, Mr. Haynes, whenever you're ready, you may proceed and I don't know if you were here when I mentioned how our timing system works. You were? Yes. Okay. Very good. Thank you. Good morning, Your Honors. Good morning. This is the Honorable Court. Ironically, I'm Attorney Carlos Haynes and I have the pleasure of representing the appellant in this case who is also Attorney Carlos Haynes. Your Honor, this case boils down to a matter of first impression and what would be the applicable statute of limitations. First, I will agree that as a practical matter, if I were running the civil part of our firm at that time, you always file at the earliest possible statute of limitations and in that regard, the district court was correct. However, the district court fatally erred when it legally applied the earliest point in which the statute of limitations could have run. Last night as I was preparing, I said, what other argument can I make that wasn't in my brief and it dawned on me. The order from the district court has applied a statute of limitations similar to a false arrest claim or an unlawful search. They started from the date of the incident. Contrary to that, it is clearly established that malicious prosecution claims start at the end of the prosecution that ended favorably or the appellate process, whichever happens later. Why? Because it's a prosecution and a litigation just like the foundation of this claim arises out of a litigation. Malicious prosecution doesn't start when the officer files an arrest affidavit in support of the arrest. It doesn't start when the information is filed. It doesn't start during the testimony at trial. It starts upon the jury verdict and the finality of that jury verdict. I'm sorry to interrupt, but isn't that because one of the elements of a malicious prosecution claim is that you have to show that the claim was dismissed against you, whether on the merits or for some statute of limitations reason or whatever the case may be. In order to succeed, there's an element of that claim that requires you to show that the case was dismissed, which you cannot do until such time as the case is dismissed. That is true. That same element applies to false arrest. It has to end favorably, but it doesn't start when the favorably ending happens. It starts upon the arrest, and the reason is there's no judicial intervention. False arrest claims, you think somebody did something wrong or an unlawful search. You think the officer did something wrong, but in malicious prosecution, there's judicial intervention. There's a verdict of guilt, and that initially is against you or may be against you, so the courts are involved. In this case, the minute the discrimination happened, the objection was raised. The trial court said, no, there's no problem. There's no bastard problem. We can't go to the courthouse and then file a complaint, and the best case that I cited in my response brief on page four- Even though the state trial court wrongly denied your claim that there was a Batson violation, why do you need to have . . . Let me tell you why I'm concerned about this. Because let's say that there actually is a Batson violation, which is what turned out to be the case here. Ultimately, after it went up on appeal and the appellate court . . . Well, there was a motion for new trial, and even the trial court itself recognized there was a Batson violation. It was upheld on appeal. But let's say that there's a Batson violation, and the trial court rules as it did initially here that there was no Batson violation, but it's wrong, and then it takes years and years for whatever the reason may be for the case to go up through the appellate system and for the appellate court to conclude that there was, in fact, a Batson violation. That means you won't be able to file your lawsuit until all of those years go by. That seems troubling to me. In addition, that's one thing I would like to ask you to address. The other thing is, in the end analysis, it's whether or not a Batson violation occurred, and why isn't that something that a federal court can determine based on the record from the state trial court, regardless of whether the state trial court got it right? To answer the first question, I will use this court's opinion in the Kempens case that's cited on page four of my response brief that also was addressed at the Florida Supreme Court. What it says is that in filing these malpractice claims prior to the final resolution of litigation causes problems. It said applying the finality accrual rule will enable plaintiffs to litigate their primary lawsuits to completion and entirely avoid the unnecessary filing of secondary lawsuits. The reason why the federal court couldn't come in and say there is a Batson challenge when the issue happened at state court and the state judge said there wasn't is because now you're going to have conflicting rules. I understand the delay, Your Honor, but if you think about malicious prosecution claims that arise in, we'll say, murder cases, they don't finally accrue for like eight to ten years later because you have various challenges to the state not turning over discovery and things of that nature. Yes, Your Honor. But it seems like the difference is, in that kind of a case, well, let me put it this way. Whether or not, however it comes out, isn't going to necessarily prevent someone from filing a 1983 claim based on a Batson challenge. If let's say ten years from now it comes out and the appellate court says that the Batson challenge was correctly denied, then it doesn't stop you from still making that claim. And it may well be that the district court would reach a different conclusion. Why isn't that the case? Could the district court not reach a different conclusion in that case? It stops it because now the defendant will come in and say, wait a minute, he's claiming that there was a claim, but the state court said it wasn't. That's why you can't go forward with that same way you can't go forward with a malicious prosecution. You can go ahead and file it, but you can't go forward because the other side is going to say, wait, how is it malicious? It's still being fought in the lower courts or in the state courts. To run over here at that juncture would essentially have two litigations going where there's no foundation. I wouldn't have had a good faith position to say, well, this was a Batson violation when the trial court has said, no, it wasn't. The minute the trial court said it was, that's when it possibly started to run and we met that statute of limitations. We didn't wait until the statute of limitations from the appeal. We did it from the point that we knew or should have known, which is what the standard is, when the trial judge said, yes, there was a violation. I'm sorry. That was when the motion for new trial was granted? Yes. We filed prior to the four-year statute of limitations for the motion for new trial. The district court granted it by saying, no, you should have filed it from the day that the person did this violation. That would be the same as saying, in a malicious prosecution case, the minute this officer wrote this affidavit and wrote it falsely or testified against you falsely, that's when you file it and you don't. We don't do it in federal cases dealing with habeas corpus. When does the time start to accrue? From the finality of the state court litigation, malpractice, from the finality of the state court litigation, 3850s, from the finality of the state court litigation. There might be more on the statute of limitations issue, but let's say I agree with you, that you satisfied the statute of limitations. What is your injury? As you just stated, you got a new trial. My understanding is that the case was eventually settled. What is the remedy that you're asking this court to issue? I'm glad that you asked that, Your Honor, because that was one of the things that they addressed, that there is no harm. When you're the recipient of discrimination, it's not a good thing to say, you didn't experience any harm. The analogy that they got is, I think it was one of the criminal cases out of Alabama in 65, they said, well, just because they discriminated against you in the jury selection process, if you don't show that it was systemic, you have no recourse. Bastion changed that. It gave us a recourse. My remedy would be, the jury that I wanted at that particular time, I don't have. You don't get to go back and put that same jury on the panel and put the person who was wrongfully excluded. We don't know how the verdict was going to turn out. This is a very rare ... I did the research, and there are thousands of cases on the criminal side that address this, and very few attorneys have the gall to say, we're going to try it in the civil courts. The Bazemore case laid the foundation that it can be tried in the civil courts, and it also outlined where the applicable statute of limitations is. The district court disregarded it, but just like the appellee, neither one cited any case against it. Now, I know Bazemore is not binding on this court, because it came out, I think, of New York Second Circuit, or something like that, but it's highly persuasive on the issue of first impression. It hasn't been litigated here. I'm sorry, and perhaps I missed it in your response. What is the remedy that you would like this court to order in your favor? The remedy is to send it back down to the district court and allow the case to go forward. What ultimately would happen, if I'm able to prove at trial that there was a violation ... First, if I don't get anything but nominal damages, because we know that you can get nominal damages for a constitutional violation, but again, the harm is I don't have that jury. If all I know, that jury could have awarded me the $50,000 that I was seeking. Who knows? The fact that you get a new trial in front of a new jury does not get you those jurors that were excluded. We can't go back and call the five that made it, and then the lady that they improperly excluded and said, now let's retry this case. For some reason, attorneys haven't been pushing this, but Baston is just the first part that deals with it at a trial, but if there's no remedy, what's the stop across this land? I think what Clarence Darrow said, the real attorneys are trial attorneys, and trial attorneys try cases to a jury. You don't have that if one particular set can just continue to say, well, we're going to violate Baston and pick and choose and discriminate. You want us to send the case to ruling your favor. You get a new trial. I guess I'm just trying to understand, what are the steps? What's the outcome for you, sir? Not a new trial on the state side. No, the remedy is sending this back to the district court, saying that the statute of limitations were met. Let me survive summary judgment, because the record will show exactly what the discrimination was, and then let a jury decide whether or not Mr. Haynes was harmed or not, whether it's nominal or whether I can prove that that jury would have given me a favorable verdict. I don't know, but the overall remedy for 1983 is to correct errant behavior. How do you correct errant behavior and discrimination in the jury selection process is not just keep giving people new trials, it's to tell the other person, my time did expire, but may I finish answering that question? Yes, please. It's to tell that tortfeasor to have them have a verdict rendered against them civilly. The financial part is what stops discrimination under section 42, 1983. Thank you. Thank you, and you've reserved three minutes for rebuttal. All right. We'll hear from Mr. Angell, and if I've mispronounced that, please let me know. Good morning, your honors, and may it please the court, Derek Angell for his- Angell. Thank you. The second hill is silent, for the city of Orlando and its attorneys in this case. The district court properly dismissed this as a matter of limitations, because under section 1983, which this suit was brought, you look to the state statute of torts for how long that limitation period is. In Florida, at the time that this suit was filed, it was four years, but for determining when a cause of action accrues, we look to the federal common law, which applies a fairly straightforward two-part test, which is whether the plaintiff knows that they were injured, and then who injured them. In this case, there's no question that Mr. Haynes knew who allegedly injured him, being the attorneys who use the allegedly unconstitutional strikes, and I will- Mr. Haynes raises some interesting points here, too, because if we say that the cause of action accrues at the time of the bats in violation, then let's assume, as happened here, and the district court said there was no bats in violation, don't you think a district court might either invoke Rooker-Feldman, or if it's not a civil case, if it's a criminal case, they might invoke Heck, because the same thing could happen in a criminal case, and then the plaintiff wouldn't be able to proceed? I did want to speak about Heck versus Humphrey, because I do think that it permeates a lot of these decisions that we look at in a similar context, but here, first of all, and you're right, two questions. One, whether the statute of limitations is triggered, and second, also whether there's a cause of action at all, and this goes to Your Honor's questions to the appellant. Well, of course there's a cause of action. If there's a constitutional violation, there's a cause of action, even if it's just for nominal damages. I'm not sure I agree with that, Your Honor, because here we have a procedural violation and a procedural harm in the sense that the plaintiff allegedly did not obtain a fair constitutional jury. The remedy, to answer Your Honor's questions- It's more than a procedural violation. I mean, it's a substantive violation of his rights. In the course of a state court proceeding, in a constitutional, the proceeding of the civil trial, I think one thing that's interesting here, by the way, why we don't have any case law that either party could find that's really analogous is because this case just happens to have a civil defendant who is a municipality. As Your Honor knows, 1983 only applies to defendants who are acting under color of state law, and most of the time in these cases we have two private defendants, so that's why I think there's a dearth of case law. The case law that there is looks at criminal situations where the harm that is visited upon the criminal defendant slash plaintiff is usually incarceration. You talk about substantive damages, those are certainly damages, but here the remedy is a new trial. Money damages available under 1983 are reserved for actual legal damages. I don't think you get nominal damages in every case, and that's what Article 3 says. Well, don't you get nominal damages? Isn't that exactly what Justice Thomas said, that you get nominal damages for a constitutional violation? In every case? For any constitutional violation. I'm not aware of the particular case Your Honor is speaking to, but I do know that the Supreme Court has also said that even statutory violations where a statute is met and violated does not in and of itself satisfy Article 3 standing, you must have concrete damages. But hasn't the Supreme Court also said that discrimination, racial discrimination, can visit a dignitary, stigmatic harm on the party who suffers it? That's correct, and I do want to make it clear for the record and for anyone listening that the trial court did not find a Batson violation on the merits. What happened there was the trial court did not apply the three-step process for resolving a Batson challenge under Florida state law, and Her Honor acknowledged that at the end of that case. She did not reach the question of whether there was an actual discrimination. But nonetheless, we look at what the plaintiff is looking for in this case, and it's money damages arising from, as the complaint alleges, not from an improper process, but from mental pain and suffering and mental anguish. When would the plaintiff have incurred those damages? The only rational answer to that question is in the courtroom itself. It is not rational or plausible to accept that he did not realize he had mental pain and suffering until the trial court ordered the new trial, four months after the original trial. What about his argument that all you have mid-trial is an allegation of a Batson violation? Surely, whether some judicial officer has given his or her imprimatur to that argument must matter at some point for accrual, no? I don't think so in this very unique context. Under the Heck rule, of course, the problem is that you're not allowed to bring a claim, a civil claim, until the underlying conviction is invalidated. In the Heck case itself, they decided it wouldn't be fair then to say that it began running even though you knew there was a constitutional violation in the trial, 10 years later it's overturned. Well, now you're barred by a statute of limitations, so they made an exception there. But Heck only applies, as far as I'm concerned and as far as I know, where there actually was a criminal conviction. Even if you have administrative proceedings, there's no Heck violation or Heck even implication. In a case like this where, again, the damage is alleged, the basis for relief is to compensate for mental pain and suffering, when would that have occurred? This speaks right to the limitations analysis, and it had to have occurred in the courtroom. Whether or not the court was correct, the trial judge, the state trial judge, in either sustaining or overruling of Batson's preemptory challenge or not, the same mental impact on the recipient of the alleged unconstitutional violation, Mr. Haynes, would have occurred right then and there. And now, I think you can debate whether it would have occurred when the attorney improperly exercised a preemptory challenge or when the judge overruled the objection. I think we could talk about that, but it's certainly in the same day. So this, all in my mind, makes it sort of hard to disaggregate the claim because I think Judge Rosenbaum's right that the Supreme Court has said that you get nominal damages for constitutional violations. Yeah, in the unpronounceable Uzugbunum case, right? But yeah, so the Supreme Court has said you get nominal damages for a constitutional violation, but you don't, Mr. Haynes' point, he didn't know whether there was a constitutional violation mid-trial. He knew that he had an argument that he had. But then your point is, well, the mental anguish occurred then and there. So that sort of goes to like real-life honest-to-goodness emotional distress damage, but what's the claim here? Like is the claim a violation of the Constitution, which might not have arisen mid-trial, or is it like something bad happened to me mid-trial and I suffered mental anguish? Those two are sort of different things, right? Well, even if it is the latter, and I don't think it's two different things when talking about honest-to-goodness mental suffering, they move for a new trial immediately within the, I think, 15 days that we had back then in state court on the sole basis of that that's an issue. They were well aware that, in their mind at least, in their subjective beliefs, that there was a violation, regardless of how the state court resolved that alleged violation. So I think that when we talk about when does a claim accrue, again, that's the test, right? And we're applying the federal test of accrual, it's do I reasonably believe I've been injured? That's the test. A reasonably prudent person would recognize a violation of their rights. The clock is ticking. I think that's the, I think that is what, you don't get to wait until you see if the state court judge, and then on appeal, whether they agree with you. Particularly when you're talking about, it sounds like even if the state court judges disagree with them, and that's where I think Rooker-Feldman comes into this analysis, if the state court judges had said, no, there was no Batson violation, the procedure was proper and then it was affirmed, yes, we're looking at Rooker-Feldman in that situation, I think. We never got that far in the district court or in the briefing here. But I think then, still, if he's going to bring the case and is allowed to in federal court, the harm occurred all the same in that courtroom that day. That's the only way I can reconcile a cause of action for money damages with when does the cause of action accrue. Because there's no way he experienced damages for the first time upon receiving a new trial. That's the opposite of what you expect, that would have been a happy day for him, right? So, as far as the, we heard about some malicious prosecution issues, Your Honor, Judge Rosenbaum, you're correct, of course, there is an element that has to do with the underlying criminal case resolving in your favor. That goes to, I think, one of the distinguishments between federal causes of action or statute of limitations accruals and state. In Florida, the accrual test is when the last element of the cause of action accrues in federal court. It's, again, the two-part test. So, that might be different in- Although, I mean, Mr. Haynes is saying that, effectively, an element of his claim is that a state court ultimately resolved the Batson challenge in his favor, and you're disagreeing with that. I do, emphatically, particularly when it comes to when do you incur the sort of mental pain and suffering damages would serve as the only basis for damages in the complaint. This is not a case where he's, the cause of action relies on a reversal of the Batson challenge or a disagreement with a trial court, unlike a criminal case where, again, you've been convicted and have spent time in prison, theoretically. This is a case where it's just the mental pain and suffering of the exercise of the challenge itself is the basis of this lawsuit. So, I do think- Let's just, can we play this out? How would this work? Let's say, so, your position is that as soon as the Batson challenge is denied, the cause of action accrues, right? Theoretically, if there's cause of action, yes, I think so. Okay. All right. So, let's say that Mr. Haynes files his lawsuit at that moment, and let's say that, for whatever reason, the motion for new trial is denied, everything is denied, and then the state supreme court decides it's going to consider this for review, and it holds, ultimately, that there was a Batson violation, but we don't know that that's going to happen. I mean, that's going to be years down the road. What is the district court supposed to do in the meantime with this lawsuit where all of the state courts that have looked at it have said there's no Batson violation? Is it supposed to decide, yes, there was a Batson violation, and then how does that affect what's going on in the state court? Because they're two separate systems, and it's basically ruling that there was an invalid conclusion to that trial because there was an invalid jury seated, right? I mean, how does that work? Let's just play this out a little bit. I think, in that context, if the state appellate process is playing out for years, that if there's pain and suffering as the basis of the lawsuit under 1983, then yes, you file that lawsuit within the four-year period, regardless of what's going on between the two judicial systems, and to the extent Rooker-Feldman applies, which, again, we didn't get that far in this case because it didn't present itself, but particularly because, in this case, the state court did grant a new trial, right? That's a major distinguishment to Your Honor's hypothesis. Right, but as you know, we're making a rule that's going to apply in cases where it doesn't, so. Of course, and so I think that, in that context, well, I don't think we have to address that in this case, given our record, but nonetheless, I think that, yes, if the basis of the cause of action is not that my trial resulted unconstitutionally and I lost a verdict I would have gotten, again, in the rare context where the civil defendant is a 1983 color of state law actor, which we never got that far, that's a summary judgment issue, frankly, not a dismissal issue in this case, I might add, but even if that were the case, if you are seeking damages to compensate for legitimate mental pain and suffering, anguish, beyond nominal damages in particular, then I think, yes, you have to file that lawsuit right away because you know who's harmed you, you know you've been harmed, at least. So, but what does the district court do in that scenario? I mean, it stands down because of Rooker-Feldman or, I mean, it doesn't because there's not actually a, there's not a judgment yet and Rooker-Feldman only applies to so-called state court losers, so there has to have been a judgment, but does it, does it, does it just sort of hold it in abeyance while the rest of the state case plays out? Can it simultaneously decide that there was a balance in violation and then what, I mean, just seems like a big mess, right? I do think that maybe one reason we don't have a lot of these cases, or any of these cases as far as we can tell, but. But this is the rule you're advocating for, so let's hear a defense of it. Well, again, I might add, in this case, there was a new trial and the damages are not procedural. I understand, but, but, but this is a rule that's going to apply in every case, so we need to make sure that if it's going to apply in every case, it's the right rule, so let's hear your defense of it. My thought is that, yes, the case can proceed in federal court, if the federal court reaches a different decision from the state court, then I, I have not looked into how Rook or Feldman would apply under these circumstances, I think it does raise some interesting questions, but I don't think there's an impediment for the federal court to proceed when you have a non-final ruling, and let's not forget, in the state court, there was never a final ruling on this. Unlike federal procedure, a, a, appeal from a, a new trial is permitted under fed, under Florida procedure on, as a non-final matter, these are non-final appeals. There was never a judgment in a, in a, in a state case, and the case was settled ultimately and dismissed. But, and, let's take a, let's take another scenario where the, the Batson violation is, there's found not to be a Batson violation at all during the entire course of the state proceedings, but a, a, an action is brought under 1983 in federal court, and it's timely, however we define timely, well, let's assume we define it by the way you're saying. Now, you do have a Rucker-Feldman problem, because now you have, and let's say that, that, that Mr. Haynes loses in the state court, right? So now, in order to find, if, if the federal district court finds that there is a Batson violation and that the trial shouldn't have proceeded, that undermines the state law verdict and it is a so-called state court loser coming into federal court, I mean, isn't that a problem under Rucker-Feldman? I think, frankly, under that circumstance, that kills the cause of action. If there's a definitive finding, a final finding, I'm out of time, of course, but to answer the question, I think that if the state courts, to finality, decide that there was no Batson challenge, then that, in, under Rucker-Feldman, would get rid of that. Okay, so then, okay, so then I think you've just conceded that you lose, because if, if there's no cause of action, if it goes all the way through, you're saying that the state court has the final word on whether there's actually a Batson violation. And if the state court has the actual, and I don't know if that's correct, but let's just assume for purposes of your argument that it is, if the state court has the final word on whether there is a Batson violation, then why, then wouldn't it make sense to have to wait to find out whether the state court ultimately finds that there's a Batson violation to know whether you have a cause of action? I, I, I understand the logic there, first of all, again, we have not, we have not briefed Rucker-Feldman, and I think that deserves some, given your Honor's question, if the state court, there, there was a, a erroneous verdict, it was based on the, the, the, the I know, but it's going to apply equally in every kind of case. I understand you want to limit it to what happened here, but the problem is we can't have a rule for cases where the government, you know, where what happened here happens, but a different case when, you know, when the next time the verdict comes out at the Supreme Court, or not the verdict, the, the decision comes out that there was a, that the Batson challenge was viable at the Supreme Court, or that it was not viable at the Supreme Court. I mean, we have to, the rule has to be the same as to when the cause of action accrues. It can't be the case that the cause of action accrues at a different time, depending on how the appellate courts in the state resolve the claim, can it? I, in a, in a case, a cause of action for damages, I think it can, I think it can, but again, Okay, well, I'm well over my time. Thank you. All right. We'll hear again from Mr. Haynes. Thank you, Your Honor. I would like to address the, the issue of the what ifs that have been going about. The one thing that makes it imperative that there be a final ruling on the Batson claim is the protection against Rule 11, and then attorney fees sanctions under 1988. If I go forward at the time that it happened, and I say, I believe there was a Batson violation, and the judge says no, and then I do an appeal, and the appellate court says no, and even if I have some kind of way to get the Supreme Court of Florida's review, and they say no, but I've run to this court, or to the district court to file a complaint, what are they going to do? They're going to say, look at all these rulers that said there was no Batson, therefore Mr. Haynes filed a frivolous complaint, and we want Rule 11 in 1988 sanctions. It is no way a judge can tell a defendant that something didn't happen, and that be the basis of the cause of action, but they come in to file a lawsuit saying, well, I know what the judge said, but I disagree with it. We could not go forward until at the earliest, the motion for new trial. Even though they appealed, and I believe that it wasn't ripe until that appellate verdict came in, but we filed before the four years from the motion for new trial, because again, that is the first time the court has said, Mr. Haynes, you were right, they discriminated against you. The initial time the court said no. We cannot file a complaint based on a judge saying what I believe is wrong. The next issue is they're saying that, well, these nominal damages, you know, you got mental anguish and all that, and it happened at a certain point, but there's no real danger, no real injury. I've represented thousands, not thousands, hundreds of people who've had a traffic stop, a search, and nothing was found. And yeah, they say, well, they really wasn't harmed. They were inconvenienced 10, 15 minutes. There's still nominal damages that were awarded. And sometimes you even get punitive damages, so you don't have to become a criminal defendant or whatever for that to occur, and in my case, I didn't have to have a verdict that was necessarily against me. I didn't have to have that to show a constitutional violation and damage. Again, the sole purpose of 1983 is to prevent future violations of certain constitutional rights, and we know as far back as the 1856 that there's been a fight on African-Americans being able to be rightfully set on a jury. I think it was Swain v. Alabama, I couldn't remember it, when they said, okay, well, yeah, you got discriminated against, but if it's not systematic, it's not actionable. It took, what, 30, 40, about 30 years later in the 80s when Bastion came out and said, yes, one violation can be actionable. And in this case, even though the court did find a way to- I don't think there's any question that it's actionable. I think the question is, when does it accrue, and it's such a tricky question. Well, Baysmore, that they cited, if I can just answer that question, the Baysmore decision, which is the only published decision that we could find, it clearly said that the statute of limitations began to run on the order for the motion for new trial. Now, Baysmore got denied because he filed it after that date. He filed it like a couple of months after the statute accrued from the order on the new trial. And again, we did ours before that. We could have waited until the latter, and my time is up, but I can just finish this one point. The public policy across the state of Florida and in the federal courts haven't tried on the merits. If they don't believe what their attorney did was discriminatory, let a jury try it or decide it on the merits and not dismiss it by taking the earliest possible statute of limitations. Thank you. All right. Thank you, counsel. All right. Our next case is-